UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

JOSEPH REYES,                )
                             )
    Petitioner,              )    Civil No. 16-70-HRW
                             )
V.                           )
                             )
JODIE L. SNYDER-NORRIS,      )    **MEMORANDUM OPINION**
                             )    **AND ORDER**
    Respondent.              )

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Joseph Reyes is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Reyes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In May 1992, Reyes and seven others were indicted by a federal grand jury seated in Miami, Florida for their participation in a conspiracy to rob an airplane they believed to be carrying 300 kilograms of cocaine. For his part, Reyes was

indicted on one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and one count of carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). See *United States v. Chirinos*, 112 F. 3d 1089 (11th Cir. 1997).

Reyes plead guilty in January 1993, but fled and failed to appear for his sentencing hearing. After he was arrested over a year later, in May 1994 Reyes was sentenced to 480 months imprisonment on the conspiracy charge and a consecutive 60-month term for the § 924(c) violation. The Eleventh Circuit affirmed Reyes's conviction and sentence on direct appeal in January 1996. The trial court denied Reyes's motion for relief pursuant to 28 U.S.C. § 2255 in August 2008, but in June 2015 reduced Reyes's sentence to 444 months pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Reyes*, No. 1: 92-CR-290-KRS-3 (S.D. Fla. 1992).

In his petition, Reyes contends that the residual clause of 18 U.S.C. § 924(c)(3)(B) was used to enhance his sentence, and that the reasoning employed by the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) to invalidate the residual clause of 18 U.S.C. § 924(e)(2)(B) as void for vagueness should apply with equal force to the language found in § 924(c)(3)(B), rendering his resulting 60-month consecutive sentence invalid. [D. E. No. 1 at 6; D. E. No. 1-1]

Reyes's petition must be denied for numerous reasons; the Court will limit its discussion to the three most clear ones. First, Reyes is barred from collaterally

2

attacking his conviction or sentence pursuant to the waiver provision found in his plea agreement. In that agreement, Reyes expressly and unequivocally "agree[d] not to contest his sentence or the manner in which it was determined in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255." *Reyes v. United States*, No. 1: 97-CV-1107-SH (S.D. Fla. 1997) [D. E. No. 1 therein at p. 42] Such waivers are enforceable in habeas proceedings under § 2241, and preclude the collateral attack Reyes asserts here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that *Begay* claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Nor is the remedy available under § 2255 considered "inadequate or ineffective" where, as here, the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013)

("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 ..."); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Second, 28 U.S.C. § 2255 provides an available mechanism for Reyes to assert his *Johnson* claim. Though Reyes has previously filed a § 2255 motion, prisoners can file "successive" motions based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Here, *Johnson* announced a new, previously unavailable rule of constitutional law, *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015), and the Supreme Court has held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). Because Reyes may seek relief pursuant to *Johnson* under § 2255, that remedy is not "inadequate or ineffective" to test the

legality of his detention, and his § 2241 petition must be denied. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

Finally, even if the Court could reach the substance of Reyes's claim, it would fail on the merits. *Johnson* does not apply to Reyes's § 924(c)(1)(A) conviction because he and his co-defendants were charged with carrying a firearm in furtherance of a "drug trafficking crime" as defined in § 924(c)(2), not a "crime of violence" as defined in § 924(c)(3). See *Reyes v. United States*, No. 1: 97-CV-1107-SH (S.D. Fla. 1997) [D. E. No. 1 therein at pp. 40, 66, 80, 86; D. E. No. 1-1 therein at pp. 1-2]. See also *Chirinos*, 112 F. 3d at 1095-96; *United States v. Chirinos*, 112 F. 3d 1089 (11th Cir. 1997), 1994 WL 16130228, at *1 (Mar. 10, 1994) (Brief of the United States). The text of § 924(c)(2) asks only whether the underlying offense is for "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46," and bears no resemblance to the language found to be unconstitutionally vague in *Johnson*.

Accordingly, **IT IS ORDERED** that:

1. Reyes's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 1st day of September, 2016.


Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge